# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        :

                           :      ID No. 1509006076

                           :      In and for Kent County

                           :

      v.                    :

                           :

JAMES M. SMITH,         :

                           :

          Defendant.      :

                           :

## **<u>ORDER</u>**

On this 27th day of June, 2016, having considered Defendant James M. Smith's (hereinafter "Smith's") Motion requesting hearings pursuant to *Franks v. Delaware*[1], and the State of Delaware's (hereinafter "State's") response it appears that:

1. Defendant Smith requests evidentiary hearings, pursuant to *Franks v. Delaware,* for the 302-233-4375 ("4375") warrant and 954-809-4794 ("4794") warrant, to attack the sufficiency of their affidavits. Defendant argues that the 4375 and 4794 wiretap warrants should be voided because they contained material falsehoods or omitted information either deliberately, or in reckless disregard of the truth. Accordingly, he argues that such misstatements invalidate the issuing Judge's finding of probable cause and necessity. The State argues that the information in the affidavits are sufficient to establish probable cause and necessity and that, at worst, any false information was due to mere negligence and not a reckless disregard for the truth. For the reasons set forth below, Defendant's request for *Franks* hearings are

---

[1] *Franks v. Delaware*, 438 U.S. 154, 171 (1978)

**DENIED**.

2. The consolidated opinion for the original motions to suppress submitted by a subset of defendants in this case summarizes the two affidavits. That decision, issued on June 22, 2016, was based on a four corners analysis of the affidavits in support of the various wiretap applications.[2]  The factual background and its analysis are incorporated herein.

### Defendant Smith's Claims

3.  In his memorandum concerning the 4375 wire tap, Defendant Smith claims that law enforcement misrepresented or recklessly disregarded the truth with regard to three issues.  Namely, he alleges (1) the 4375 the wiretap application targeted the wrong individual as the primary user of the phone line; (2) since discovering the mistake regarding the misidentification, on the first day of monitoring communications on 4375, law enforcement waited nine days to correct the application; and (3) there was only one real link connecting Lovett to the 4375 phone line.

4. In his submissions challenging the 4794 wire tap, Defendant Smith claims that law enforcement misrepresented or recklessly disregarded the truth with regard to six separate issues.  They include: (1) the 4794 wiretap application targeted the wrong individual as the primary user of the phone line; (2) law enforcement never corrected the misidentification, and only revealed that their was a mistake in a subsequent search warrant related to Defendant Smith; (3) law enforcement possessed significant information linking the phone line to Defendant Smith, or should have at least created doubt that Dukes was the primary user of the phone line; (4) there were discrepancies regarding the identity of an individual operating a Mercedes, which law enforcement

---

[2] *State v. Felton, et al,* I.D. No. 1510017422, at 45-46 (Del. Super. June 22, 2016).

failed to reconcile; (5) law enforcement omitted information by only providing synopses and summaries of calls instead of direct quotes or transcripts; and 6) there were misrepresentations or omissions regarding the statement of necessity, in which Defendant Smith provided specific examples.

## Standard

5. In a *Franks* motion, a defendant may request a hearing only upon a substantial preliminary showing that "(1)the affiant made a false statement in the warrant either knowingly and intentionally, or with reckless disregard for the truth and (2) the allegedly false statement is necessary to the finding of probable cause."[3]  In order to justify an evidentiary hearing, "[t]here must be allegations of deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof."[4] The specific portions of the affidavit that are claimed to be false must be identified and be accompanied by a statement of supporting reasons.[5] Claims of negligence or innocent  mistake are insufficient.[6] Finally, the affidavit is presumed to be valid, and the burden to overcome the presumption of validity of the affidavit lies on the Defendant.[7]

6. In what is referred to as a reverse-*Franks* situation, if the "defendant establishes by a preponderance of the evidence that the police knowingly and intentionally, or with reckless disregard for the truth, omitted information material to

---

[3] *State v. Campbell*, 2015 WL 5968901, at *7 (Del. Super. Oct. 5, 2015).

[4] *Franks v. Delaware*, 438 U.S. 154, 171 (1978).

[5] *Id.*

[6] *Id.*

[7] *Franks*, 438 U.S. at 154.

a finding of probable cause, the reviewing court will add the omitted information to the affidavit and examine the affidavit with the newly added information to determine whether the affidavit still gives rise to probable cause."[8]

7. In Delaware, 'recklessly' is defined as "when the person is aware of and consciously disregards a substantial and unjustifiable risk that the element exists or will result from the conduct. The risk must be of such a nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation."[9] This general definition of 'recklessly' is used in both the criminal and civil context.[10] In order for conduct to be considered 'reckless', an individual must be conscious of a substantial and unjustifiable risk, where being 'conscious' is defined as to subjectively know or feel.[11] Also, as to the civil application of the definition, reckless conduct amounts to a conscious indifference.[12] "The actor's state of mind is thus vital."[13]

8. Defendant Smith argues, consistently with the Third Circuit Court of Appeals application of that standard that "[a]n assertion is made with reckless disregard when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information

---

[8] *Sisson v. State*, 903 A.2d 288, 300 (2006).

[9] 11 *Del. C.* §231(e)

[10] *State v. Pardo*, 2015 WL 6945310, at *4 (Del. Super. Nov. 9, 2015). *See also Jardel Co., Inc. v. Hughes*, 523 A.2d 518, 530-31 (1987).

[11] *Pardo*, 2015 WL 6945310, at *4.

[12] *Id.*

[13] *Jardel Co., Inc.*, 523 A.2d at 530.

4

he reported." [14] Furthermore, "[t]his definition provides two distinct ways in which conduct can be found reckless: either the affiant actually entertained serious doubts; or obvious reasons existed for him to do so, such that the finder of fact can infer a subjectively reckless state of mind."[15]

9. In addition to the probable cause requirement, the Court will also examine the necessity portion of the affidavits in light of the *Franks* standard. As the United States Court of Appeals for the Third Circuit recognizes "most appellate courts have held that *Franks* hearings are also appropriate when a defendant is challenging whether there are false statements or omissions in an affidavit for a wiretap application that speak to the necessity requirement."[16] Since the necessity portion of a wiretap affidavit is also a four corners analysis, it is logical to review it for omissions and misrepresentations under the same standard as the probable cause portion of the analysis.

**Analysis**

10. As to both affidavits, Smith's probable cause challenges center on law enforcement's misidentification of the owner of the two phone lines covered by the warrants. Since there was probable cause to believe the lines, regardless of the owner, were involved in the Organization's drug activity, under the particular circumstances of this case, the misidentification of the owners was not material. Furthermore, with regard to necessity, any omitted details and incorrect information evidenced negligence at worst. Finally, there was sufficient information to establish necessity in the affidavits, when considering the totality of the circumstances and the nature of the drug

---

[14] *U.S. v. Brown*, 631 F.3d 638, 645 (3d Cir. 2011) (citing *Wilson v. Russo*, 212 F.3d 781, 788 (3d Cir.2000)).

[15] *Id.*

[16] *U.S. v. Heilman,* 377 F. App'x 157, 177 (3d Cir. 2010).

Organization at issue. Accordingly, an evidentiary hearing is not warranted regarding either warrant.

**The Court does not find any falsehood or material omissions, either deliberately, or with reckless disregard for the truth, that are material to a finding of probable cause in the 4375 or 4794 Affidavits.**

11. First, Defendant's argument that misidentifying the primary operator of the 4375 and 4794 phone lines amounted to reckless disregard for the truth is not convincing. The appropriate approach to such challenges recognizes that "[a] wiretap application need not provide probable cause of criminal activity for each person named in an application, or even every resident of the place where the wiretap is sought. What is required is sufficient information so that a judge could find probable cause to believe that the telephone in question is being used in an illegal operation."[17] As discussed in the consolidated opinion in *State v. Felton et al*[18], the necessary target of a search warrant is the phone line itself. For purposes of a materiality review, whether the line was involved in the criminal activity, regardless of the identity of the owner of the phone line, is the material issue.[19] In the wiretap context, the particularity requirement of the Fourth Amendment of the United States Constitution is satisfied by identifying the telephone line to be tapped, and the particular conversations to be seized.[20]

12. Here, the Court finds that with regard to both the 4375 and 4794 affidavits, there was probable cause to believe the phone lines were involved in the targeted

---

[17] *U.S. v. Domme*, 753 F.2d 950, 954 (11th Cir. 1985)

[18] *State v. Felton et al,* I.D. No. 1510017422, at 45-46 (Del. Super. June 22, 2016).

[19] *Id.*

[20] *See U.S. v. Donovan*, 429 U.S. 413, 427 n.15 (1977); *U.S. v. Scurry*, 2016 WL 1391995, at *10 (C.A.D.C. Dec. 3, 2015).

6

Organization's drug activity, not withstanding the mistake regarding the owners' identities.

13. Also, Smith's challenges rely on the benefit of hindsight, which is not the proper focus of a *Franks* inquiry.   The United States Court of Appeals for the Eighth Circuit  properly recognized that "unless the government has lied to the issuing judge, the suppression issue should turn on what was in the government's affidavits, not on what defendants assert with the benefit of hindsight the government should have known."[21]   As the Eight Circuit recognized in *U. S. v. Ozar* ,"the Supreme Court in *Franks v. Delaware* cautioned that an evidentiary hearing is not warranted unless defendant makes a strong initial showing of deliberate falsehood or of reckless disregard for the truth. A suppression hearing is often warranted in wiretap cases to address statutory issues not present in conventional search warrant cases, such as whether electronic surveillance was necessary and whether it was properly minimized. But the need for a hearing on those statutory issues is an improper basis for expanding the very limited circumstances in which a *Franks v. Delaware* hearing is appropriate."[22]

14. Finally, as the Superior  Court held in *State v. Brinkley*, a request for an evidentiary hearing will be denied if the allegations are merely conclusory or generic statements.[23] Here, in the probable cause setting,  Defendant's allegations that law enforcement made false statements or omissions in reckless disregard for the truth are conclusory.   Like in *Ozar*, Defendant focuses on what law enforcement could have learned through more investigation, which is not relevant to an evidentiary hearing

---

[21] *U.S. v. Ozar*, 50 F.3d 1440, 1445-46 (8th Cir. 1995).

[22] *Id.* at 1445

[23] *State v. Brinkley et al*, I.D. No. 1412017874, *18 (Del. Super. Nov. 18, 2015).

7

pursuant to *Franks v. Delaware*. Defendant Smith claims what law enforcement could have uncovered given additional investigation, and things law enforcement should have done. However, what Defendant alleges should have been done, but did not do, is a benefit of hindsight which is not the appropriate focus of this inquiry.

15. As to both wiretaps, after examining each of the Defendant's arguments, the Court finds no omissions or incorrect statements rising to the level of materiality required to warrant a hearing. Moreover, with regard to each of Smith's arguments regarding probable cause deficiencies, his assertions are conclusory and not sufficient to warrant a hearing.

**The Court does not find a falsehood or material omission made either deliberately or with reckless disregard for the truth that is relevant to the statements of necessity in the 4375 and 4794 Affidavits.**

16. In support of Smith's argument, he offers an affidavit from Gary Marshall, a private investigator. Mr. Marshall, based on substantial experience in law enforcement, opines that there were a significant number of traditional investigatory methods that law enforcement could have attempted that would have made the wiretaps unnecessary. He opines that these various methods would have been successful.

17. In further support of Smith's argument that the two affiants misrepresented or omitted facts relevant to establishing necessity, Smith cites *United States v. Heilman*.[24] The Court finds *Heilman* to be more supportive of the State's position in this case. In *Heilman*, defendants were charged and convicted of drug trafficking

---

[24] *U.S. v. Heilman*, 377 F. App'x 157 (3d Cir. 2010).

related charges, as members of the Breed, an organization with many members.[25] During the investigation of the Breed, law enforcement sought and obtained wiretaps for two phones used by one defendant and one phone used by a second defendant.[26] Those two defendants moved for an evidentiary hearing to consider any material misstatements or omissions in the wiretap affidavits, which the District Court denied.[27] In that case, the defendants' strongest arguments were that the section of the wiretap affidavits discussing the usefulness of CIs has material misstatements and omissions. [28] In applying a *Franks* analysis to the required showing of necessity, the court held that defendants offered no evidence that the affiant intentionally, knowingly, or recklessly wrote any statement to mislead the judge.[29] Specifically, it held that:

> Napoli points to myriad circumstances when law enforcement did conduct physical surveillance, but nothing he points to proves that law enforcement could meet its investigatory objectives through physical surveillance, or that Breed members did not practice counter-surveillance. Johnson points to evidence that the examples listed in the affidavit related to investigations of Breed members other than either Napoli or Johnson. Moreover, he points out that there is no evidence that surveillance of Johnson has ever failed. But again, that evidence does not indicate that Agent Schwartz misrepresented the usefulness of physical surveillance. It merely calls into question the value of the examples offered. Therefore, even if the Defendants' assertions are taken at face value, they do not

---

[25] *Id.* at 167-68.

[26] *Id.* at 168.

[27] *Id.* at 176.

[28] *Id.* at 179.

[29] *Id.* at 180-81.

satisfy the preliminary showing requirement because they do not demonstrate the existence of a false statement or omission in the wiretap affidavit, or that the affiant made false statements or omissions with the requisite *mens rea.*[30]

With this holding, the court affirmed the District Court's denial of a *Franks* evidentiary hearing.[31] Likewise, in the case at hand, Smith's proffers, though specific and not conclusory, do not employ more than hindsight. They do note rise to the level of establishing a reckless *mens rea* on the part of the affiant. Nor does Smith identify facts and circumstances making it appropriate for the Court to infer the affiant's had a reckless state of mind when deciding what to include and not include in the affidavit.

18. In this case, there was a sufficient (and appropriate) statement of necessity. The 4375 and 4794 affidavits contained information regarding: compromised surveillance attempts; inability to use GPS tracking either due to not having knowledge of what vehicle the targeted individuals were driving, or being unable to physically attach a GPS unit on the vehicle without danger of detection; results of various physical surveillance techniques conducted throughout the investigation; and other investigative methods utilized for the investigation as a whole with their respective results. For the 4375 Affidavit, Affiant Vernon established why they believed that Lovett, unquestionably linked to the organization, was the primary user of the 4375 phone line. The Affidavit explained the investigation that was conducted on Lovett, Unity Lane where Lovett resided, and Lovett's associates. This investigation involved physical surveillance that was actually compromised, drive by surveillance, and attempted pole cameras, among other methods.

---

[30] *Id.* at 182.

[31] *Id.* at 183.

19. Furthermore, regarding the 4794 Affidavit, Affiant Vernon explained why they believed Dukes was the primary user of the phone line. Dukes was positively identified by a detective during physical surveillance, followed to a meeting site where law enforcement already had evidence that K.A.McDonald was present, checked the registration of the vehicle, physically followed the vehicle, and used other investigative techniques. Law enforcement need not exhaust every investigative method in order to establish necessity and need not have conducted additional investigation shown appropriate with the benefit of hindsight. Furthermore, this Court accepts the State's argument that the additional investigation that Defendant alleges should have been conducted would involve expending valuable resources without probable cause that the residences in question were actually involved in the Organization's criminal activity. Therefore, asserting additional investigative methods that law enforcement could have used, but did not, does not amount to a falsehood or material omission in reckless disregard for the truth.

20. Although a *Franks* hearing can be extended to a necessity hearing for wiretaps, this Court does not find that Defendant Smith has made a substantial showing that the affiant made a false statement or omission deliberately, or with reckless disregard for the truth. Defendant's arguments as to misrepresentations or omissions from the statement of necessity is, as the State argues, arguments as to the insufficiency of necessity. Merely alleging the insufficiency of necessity does not equate to making a substantial showing of deliberate misrepresentations, or false statements and omissions in reckless disregard for the truth.

21. In the alternative, assuming that Defendant Smith had made a substantial showing of false material omissions in reckless disregard for the truth, a full and complete statement of necessity would have still been established. The 4375 and 4794

11

phone lines were a portion of a much larger investigation. Certain investigative techniques had already been attempted prior to the issuance of the wiretap applications that yielded limited success. It is reasonable to infer that if an investigative method did not work as to one target, it would be unlikely to work for another in the same investigation. Even taking out any references to Lovett and Dukes from the 4375 and 4794 affidavits, respectively, there would still be enough evidence to establish a statement of necessity as to the phone lines at issue. For instance, the affidavits would still state that law enforcement followed a vehicle to a meeting location where K.A.McDonald was located, which law enforcement knew from a GPS tracker installed on K.A.McDonald's vehicle, as well as communication intercepts between K.A.McDonald and the 4794 number. The affidavits would also still state that physical surveillance would be difficult or dangerous, especially with no individual identified. Other investigative techniques would also not likely be successful because of the knowledge of how the Organization operates. For these reasons, hearings pursuant to *Franks v. Delaware* in the statement of necessity context, are also **DENIED**.

 **IT IS SO ORDERED**.


      <u>/s/Jeffrey J Clark</u>
       Judge

12